Dear Mr. Frey:
This office is in receipt of your opinion request of recent date, in which you ask whether an automatic first felony offender pardon has the same effect as an acquittal or dismissal for purposes of LSA-R.S. 44:9(B) and LSA C.Cr.P. Art. 893.
Article 4, Section 5(E)(1) of the Louisiana Constitution outlines the pardon provisions in this state and provides:
 "The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor."
LSA-R.S. 15:572 requotes the constitutional language noted above and outlines procedures relating to the automatic first felony offender pardon.
Note that this office has previously rendered an opinion distinguishing the rights and privileges resulting from the automatic first felony offender pardon and those rights and privileges resulting from a gubernatorial pardon. Therein, this office stated that a gubernatorial pardon has a broader scope and effect than an automatic first felony offender pardon, in that a pardon by the governor restores the offender to the status of innocence. State v. Adams, 355 So.2d 917 (La. 1978). It removes the guilt and restores both rights and privileges to the offender. In State v. Adams, the court quoted with approval the United States Supreme Court in Ex ParteGarland, 71 U.S. 333, 380 (1866), that ". . . when the pardon is full, it releases the punishment and blots out the existence of the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense." Adams, supra, at 922. In contrast, the automatic first felony offender pardon does not restore the status of innocence; only a full pardon from the governor will produce that effect.
The automatic pardon of a first felony offender does not alter the existence of the conviction. Only the governor's pardon erases the fact of the conviction. See Opinion 83-805, and citations therein. Thus, the automatic first felony offender pardon is not equivalent to an acquittal or a dismissal of the prosecution for the purposes of LSA-R.S. 44:9, and LSA-C.Cr.P. Art. 893, which pertinently provide, respectively:
 B. Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of any offense, whether misdemeanor or felony, shall at the time of discharge of a person from its control, enter an order annulling, cancelling, or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition. Upon the entry of such an order the person against whom the arrest has been entered shall be restored to all civil rights lost or suspended by virtue of the arrest, unless otherwise provided in this Section, and shall be treated in all respects as not having been arrested.
 C. (1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record if the time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted.
 (2) If, after a contradictory hearing with the arresting agency, the court finds that the mover is entitled to the relief sought for any of the above reasons, it shall order all law enforcement agencies to expunge same in accordance herewith. However, the arresting agency may preserve the name and address of the person arrested and the facts of the case for investigative purposes only. (Emphasis added); (LSA-R.S. 44:9(B) (C)).
* * * * *
 A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a second conviction for a crime of violence as defined in LSA-R.S. 14:2(13)(a), (b), (c), (d), (e), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), (t), (v), (w), or (x), LSA-R.S. 14:73.5, LSA-R.S. 14:81.1, or LSA-R.S. 14:81.2, or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment for more than five years. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
 B. If the sentence consists of both a fine and imprisonment, the court may impose the fine and suspend the sentence or place the defendant on probation as to the imprisonment.
 C. Except as otherwise provided by law, the court shall not suspend a felony sentence after the defendant has begun to serve the sentence.
 D. When the imposition of sentence has been suspended by the court for the first conviction only, as authorized by this Article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution, except for a conviction of a sex offense as defined by LSA-R.S. 15:542(E), involving a child under the age of seventeen years. The dismissal of the prosecution shall have the same effect as acquittal, except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
 E. Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony. (Emphasis added). (LSA-C.Cr.P. Art 893).
Since a first felony offender pardon does not have the same effect as an acquittal or dismissal, and does not erase the existence of the conviction, the provisions of LSA-R.S. 44:9(B) concerning the destruction of the arrest record and order of the disposition are inapplicable.
Similarly, a first felony offender pardon, as it does not erase the fact of conviction, would not immediately invoke the provisions LSA-C.Cr.P. Art 893(D). In general, the ability of the court to set aside the conviction under LSA-C.Cr.P. Art.893(D) is discretionary.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 24, 1995